[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12765
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00023-WLS-TQL-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                              versus

LIGE CHAPPELL, III,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 9, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Lige Chappell, III, appeals his 93-month total sentence, imposed after he was found guilty by a jury of possession with intent to distribute more than five grams of cocaine base, in violation of  21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii),[1] possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of marijuana, in violation of 21 U.S.C. § 844, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  On appeal, Chappell argues that his sentence is substantively unreasonable because the district court failed to adequately consider mitigating evidence and also placed undue emphasis on his criminal history.  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

---

[1] In the Fair Sentencing Act of 2010, Congress raised the threshold required to trigger the 5-year statutory minimum sentence for cocaine base from 5 grams to 28 grams. Fair Sentencing Act of 2010, Pub.L. No. 111–220, § 2(b), 124 Stat. 2372 (2010). Because the district court determined that the Fair Sentencing Act was retroactively applicable to Chappell's case, this is not an issue in this appeal.

In reviewing sentences for reasonableness, we typically perform two steps. Id. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court

committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

When imposing a sentence, the district court need only acknowledge that it considered the § 3553(a) factors and need not discuss each of the factors individually. United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007). And, although we do not automatically presume reasonableness for a sentence within the guidelines range, we ordinarily expect a within-guidelines sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). The party challenging the sentence carries the burden of establishing unreasonableness. Talley, 431 F.3d at 788.

Chappell has not carried his burden of demonstrating that his sentence was substantively unreasonable.[2] Indeed, the district court imposed a sentence within the guideline range for the grouped counts, and we ordinarily expect such a sentence to be reasonable. Hunt, 526 F.3d at 746. Additionally, as the record shows, the district court specifically discussed several of the § 3553(a) factors at the sentencing hearing,

---

[2] As an initial matter, Chappell does not specifically challenge the procedural reasonableness of his total sentence and has waived any claim in this respect. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

including Chappell's personal history and characteristics, the need to deter Chappell from future criminal conduct, and the advisory sentencing guideline range, while also acknowledging that it had taken all of the § 3553(a) factors under consideration prior to imposing Chappell's sentence. Moreover, contrary to Chappell's contention on appeal, the record of the sentencing hearing reflects that the district court did consider counsel's mitigation arguments regarding Chappell's employment and family history. And in any event, even if the district court emphasized only some of the sentencing factors, it did not need to discuss each of them individually. Amedeo, 487 F.3d at 833. Therefore, in light of the § 3553(a) factors and the totality of the circumstances in this case, we affirm Chappell's sentence as reasonable.

**AFFIRMED.**